## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00572-PAB-NYW

BRIAN EDMOND BATH,
a/k/a Brian William Wallace

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on two motions:

(1) Defendant Equifax's Motion for Summary Judgment ("Motion for Summary Judgment") [#39, filed December 17, 2018]; and

(2) Defendant Equifax Information Services LLC's Motion to Enforce to Enforce the Settlement Agreement ("the Motion to Enforce") [#55, filed March 19, 2019]. These motions are before this Magistrate Judge pursuant to the Order Referring Case dated April 4, 2018 [#13] and the Memoranda dated December 18, 2018 and March 19, 2019, respectively. [#40; #57].

Plaintiff Brian Edmond Bath ("Plaintiff" or "Mr. Bath") responded to the Motion for Summary Judgment [#48], but has not responded to the Motion to Enforce and the time for doing so has lapsed. Nevertheless, this court finds that it is appropriate to proceed. D.C.COLO.LCivR 7.1(d). For the reasons stated herein, it is respectfully RECOMMENDED that the Motion to

Enforce be GRANTED and that all claims against Equifax be DISMISSED with prejudice, and that the Motion for Summary Judgment be DENIED as moot.

## BACKGROUND

Mr. Bath initiated this action against Defendant Equifax Information Services LLC ("Defendant" or "Equifax") in Colorado state court in Arapahoe County, Colorado, alleging Fair Credit Reporting Act ("FCRA") violations and various state law claims of defamation, negligence, invasion of privacy/false light, and negligence per se.[1] [#10]. As relief, Plaintiff sought $15,000 in monetary damages and certain injunctive relief, including:

> Grant order for deletion of following accounts:
> a) FLORIDA DEPT OF REVENUE, Account # 200055****
> b) STATE OF COLORADO CHILD, Account# 10568****
> c) COLORADO FEDERAL COURT - DENVER, Docket# 1311630
> and all of the inaccurate information from Consumer's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information

[*Id.* at 6]. On March 9, 2018, Equifax removed the case to this District. [#1]. In May 2018, this court entered a Scheduling Order in this action. [#21; #22]. Equifax then filed a Motion for Summary Judgment [#39] on December 17, 2018 and while that motion was pending, Equifax and Mr. Bath notified the court that they had reached a settlement agreement. [#50].

The court then set a deadline for submission of dismissal papers which passed without compliance. [#51; #52]. The court set a Status Conference to address any disputes between the

---

[1] The Complaint also mentions the Fair Debt Collections Practices Act ("FDCPA") and its state equivalent, the Colorado Fait Debt Collection Practices Act ("CFDCPA") [#10 at 1], but there are no separate causes of action enumerated within the Complaint which does not include counts for violations of the FDCPA and CFDCPA, though allegations of violations of those statutes are included within others. *See generally* [#10].

2

Parties that may have arisen. [#52]. Mr. Bath did not appear at that Status Conference,[2] but Equifax informed this court that the Parties had an enforceable settlement agreement that Equifax would seek to enforce. [#53]. Because this court finds that the Motion to Enforce is dispositive, it proceeds with that analysis.

## LEGAL STANDARD

A settlement agreement is a contract like any other, and so the court applies general principles of contract law when evaluating a settlement agreement. *Weller v. HSBC Fin. Corp.*, 187 F. Supp. 3d 1263, 1266 (D. Colo. 2016) (citing *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000); *Anthony v. United States*, 987 F.2d 670, 673 (10th Cir. 1993)). A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it. *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). The terms of the settlement agreement must be clear, unambiguous, and capable of enforcement. *City & Cty. of Denver v. Adolph Coors Co.*, 813 F. Supp. 1476, 1479 (D. Colo. 1993).

When determining the terms and enforceability of a settlement agreement, federal courts apply state contract law. *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004). Under Colorado

---

[2] Based on Mr. Bath's non-appearance, this court issued an Order to Show Cause as to why this action should not be dismissed for failure to prosecute. [#54]. Mr. Bath timely responded to that Order to Show Cause, indicating that he was not receiving correspondence from the court (or opposing counsel). [#58]. There is no indication from the court's docket that any correspondence from the court was returned as undeliverable, and this court takes judicial notice that the address on the docket is the same as what is reflected on the Plaintiff's Complaint. *See* [#10]. The court further notes that Mr. Bath was able to receive and respond to Defendant's Motion for Summary Judgment, and this court's Order to Show Cause. [#48; #58]. Nevertheless, this court finds that discharge of the Order to Show Cause is appropriate, so that the court can substantively consider the Motion to Enforce. *Watts v. Smoke Guard, Inc.*, No. 14-CV-01909-WYD-NYW, 2016 WL 26503, at *1 (D. Colo. Jan. 4, 2016) (stating that courts prefer resolution on the merits as opposed to procedural grounds).

law, a settlement agreement can be governed by and found enforceable pursuant to common law contract principles. *Yaekle v. Andrews*, 195 P.3d 1101, 1107 (Colo. 2008). Under the common law, contracts are formed when there are unambiguous terms, an offer, and acceptance of that offer; such conditions also apply to the formation of a legally enforceable settlement agreement. *Kovac v. Farmers Ins. Exch.*, 401 P.3d 112, 116 (Colo. 2017).

## ANALYSIS

In this instance, the court need not conduct an evidentiary hearing because there are no material facts in dispute. *Hardage*, 982 F.2d at 1496 (requiring an evidentiary hearing when material facts were in dispute); *City & Cty. of Denver v. Adolph Coors Co.*, 813 F. Supp. 1476, 1481 (D. Colo. 1993) ("[N]o hearing is necessary where there is no dispute as to the existence of a settlement." (quoting *Tiernan v. Devoe*, 923 F.2d 1024 (3rd Cir. 1991)).

Here, the undisputed facts establish that the parties entered into a valid and binding Settlement Agreement to resolve this action (and a separate action, *Bath v. Experian*, Civil Action No. 19-cv-00106-RM-NYW). [#55-1 at 1 (Mr. Bath's counter-offer and acceptance of terms)]. Specifically, after negotiating the terms, Mr. Bath signed a formal written agreement on January 31, 2019 and returned it to Equifax's counsel with his W-9. [#55-2, #55-3 at 4]. Upon inquiry about the stipulation for dismissal, Mr. Bath confirmed to Equifax's counsel that he would return an executed Stipulation for Dismissal upon receipt of the check. [#55-3 at 4]. Equifax counter-signed on February 6, 2019. [#55-3 at 11]. Defendant then tendered a check for the settlement amount which Mr. Bath received and negotiated. [#55-4]. Mr. Bath, however, then refused to

execute the Stipulation for Dismissal until and unless Equifax deleted reference to the United States Bankruptcy Case, and the Florida account.[3]  [#55-3 at 1].

The Settlement Agreement provides that Defendant will pay Mr. Bath a certain amount of monetary consideration, and contemplated that within five days of providing that monetary consideration to Mr. Bath, Equifax would file the necessary dismissal papers to dismiss the actions with prejudice with the court. [*Id.* at ¶¶ 1-2]. In exchange for the payment, Mr. Bath agreed to:

> release and forever discharge Defendant and its agents, affiliates, servants, employees, officers, directors, shareholders, attorneys, privies, insurance carriers, predecessors, parents, subsidiaries, successors, and assigns from any and all debts, controversies, claims, demands, damages, actions, causes of action, or suits of any kind or nature, including by contract, tort, statute, or otherwise, known or unknown, now existing and up to the date on which Plaintiff signs this Agreement including, without limitation, any obligations under the Fair Credit Reporting Act.

[*Id.* at ¶ 3]. The Settlement Agreement also provided, in pertinent part:

> Without limiting the generality of the foregoing, Plaintiff acknowledges that attached hereto as Exhibit A is his Equifax Consumer Credit Report as of January 31, 2019. Plaintiff hereby agrees that he will not initiate any legal action against Equifax based on the information currently contained in Exhibit A and that Equifax may publish such information in the normal course of its business pursuant to the Fair Credit Reporting Act and any other applicable federal and/or state laws.

[*Id.* at ¶ 7]. Plaintiff's January 31, 2019 Credit Report from Equifax was attached as Exhibit A to the Settlement Agreement and included reference to a bankruptcy case filed in the United States District Court for the District of Colorado, Case No. 1311630 and account originating from Tallahassee, Florida associated with child support payments. [#55-3 at 18, 21]. Both entries indicate that "Consumer Disputes – Reinvestigation in Process." [*Id.*]. The Settlement Agreement

---

[3] Though Equifax has made certain redactions regarding its communications with Mr. Bath, this court notes that Mr. Bath, through his operative Complaint, has put information regarding both the bankruptcy case and Florida Department of Revenue case into the public record. *See* [#10 at 6].

5

also unambiguously covered the 18-cv-572 and 19-cv-106 matters in the District of Colorado, and provided that Plaintiff consented to the stipulated dismissal of these cases with prejudice. [#55-3 at ¶ 2].

Based on the undisputed record before the court, this court concludes that there was a binding settlement between the Parties and Mr. Bath's attempt to re-negotiate to include other terms does not change its binding nature. Because Mr. Bath did not file a Response, to the Motion to Enforce, this court has no insight into Mr. Bath's justification for withholding approval of the Stipulation for Dismissal and cannot act as his advocate. *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1235 (D. Colo. 2012). As a pro se litigant, Mr. Bath is bound by the same procedural and substantive law as a represented party. *Id.* He is bound by the plain terms of the Settlement Agreement to what is contained in Exhibit A and is not permitted to unilaterally change the terms, and has provided the court no justification for diverging from this general principle. Accordingly, this court respectfully RECOMMENDS that the Motion to Enforce be GRANTED. In light of this Recommendation, this court further RECOMMENDS that the Motion for Summary Judgment be DENIED as moot.

## CONCLUSION

Therefore, it is respectfully **RECOMMENDED** that:

(1) Defendant Equifax Information Services LLC's Motion to Enforce the Settlement Agreement [#55] be **GRANTED**; and

      (2)    Defendant Equifax Information Services LLC's Motion for Summary Judgment [#39] be **DENIED AS MOOT**.[4]

DATED: May 10, 2019                BY THE COURT:

                                                        _/s/ Nina Y. Wang_
                                                         Nina Y. Wang
                                                         United States Magistrate Judge

---

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).